# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. GRANT # 46149** | § | **PETITIONER** |
| | § | |
| **v.** | § | **CAUSE NO. 1:10-CV-320-LG-RHW** |
| | § | |
| **CHRISTOPHER EPPS** | § | **RESPONDENT** |

## ORDER ADOPTING PROPOSED FINDINGS OF FACT AND RECOMMENDATION AND DISMISSING PETITION

This cause comes before the Court on the Report and Recommendation of United States Magistrate Judge Robert H. Walker entered in this cause on May 30, 2012. Magistrate Judge Walker reviewed the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S. C. § 2254 [1] as well as the Respondent's Response [9] and the state court record. Magistrate Judge Walker determined that the Petition should be denied because Petitioner had not shown that the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law. Petitioner filed an objection, which the Court now reviews.

## PROCEDURAL HISTORY

Petitioner was found guilty of capital murder in 2004 and sentenced as a habitual offender to serve a term of life without parole. He appealed, and the Mississippi Court of Appeals affirmed his conviction and sentence. He then filed a petition for post-conviction relief. The petition was denied by the Mississippi Supreme Court for failure to make a substantial showing of the denial of a state or federal right. This federal petition for habeas relief followed.

-1-

Magistrate Judge Walker found that all of the grounds presented in this federal habeas have been reviewed and denied on the merits by the Supreme Court either on direct appeal and/or on post-conviction review. Thus, he reviewed the Petition for any decision by the state courts involving an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d). After thorough examination of the record and an extensive discussion of the issues, Magistrate Judge Walker found no grounds for federal habeas relief. The Petitioner has generally objected to the proposed findings of fact and conclusions of law.

THE STANDARD OF REVIEW

When a party objects to proposed findings of fact and conclusions of law this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner simply re-states arguments contained in the original petition.

DISCUSSION

In his objection, Petitioner reiterates the claims and arguments made at the State court level on direct appeal, post-conviction appeal, and discussed thoroughly by Magistrate Judge Walker in the Report and Recommendation.[1]

Petitioner's objections are considered general objections, which have the same effect as a failure to object. *Battle*, 834 F.2d at 421; *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747-48 (E.D. Mich. 2004); *Betancourt v. Ace Ins. Co.*, 313 F. Supp. 2d 32, 34-35 (D.P.R. 2004) (objections presented "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge"). In these instances, the Court must only review the relevant portion of the Proposed Findings of Fact and Recommendation to determine whether the analysis or conclusions are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the Proposed Findings of Fact and Recommendation, the Court finds the Magistrate Judge's comprehensive analysis and conclusions to be correct under existing Supreme Court precedent.

---

[1] Petitioner's general objection to the proposed findings of fact and conclusions of law reads as follows:

> "Ground One: That the prosecution knowingly allowed false testimony to be given by Terry Adams and the court reach an erroraneous decision
> Ground Two: contends he was denied a fair trial due to ineffective assistance of counsel. The court misconstrued my arguments. Stephen Hayne is not certified by the American Board of Pathologist
> The petitioner is requesting that his Honorable Review each and every issue De Novo and apply
> Furthermore this Honorable Court should under Due Process of Law, take a long look at Stephen Hayne past and present testimony.
> The Petitioner objects to ground 4: Grant reiterates his claim that the trial court erred in granting Jury Instruction S-13"

-3-

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [15] of United States Magistrate Judge Robert H. Walker entered in this cause on May 30, 2012, should be, and is, adopted as the finding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's 28 U.S.C. § 2254 habeas corpus petition is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE